# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AARON MIKE THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No.: 2:19-cv-966-LCB-GMB |
| | ) |
| **SERGEANT CORDARO D.** | ) |
| **MELTON,** *et al.*, | ) |
| | ) |
| **Defendants.** | |

## ORDER

On January 20, 2021, U.S. Magistrate Judge Gray M. Borden issued a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) recommending that Thomas's claims against the Alabama Department of Corrections ("ADOC") be dismissed with prejudice. (Doc. 27). The Magistrate Judge further recommended that Melton's motion for summary judgment (Doc. 23) be granted and Thomas's Eighth Amendment excessive force claim be dismissed with prejudice. (Doc. 27). No party has objected to the Report and Recommendation.

When a party objects to a portion of a Magistrate Judge's report or proposed findings or recommendations, the District Court must conduct a de novo review of those portions of the report to which the party has specifically objected. 28 U.S.C. § 636(b)(1). The unchallenged portions of the Magistrate Judge's report are reviewed for clear error. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

Accordingly, having reviewed the proposed findings and recommendations for clear error, the Court concludes that the Magistrate Judge's Report and Recommendation (Doc. 27) should be **ACCEPTED** and hereby **ADOPTS** it as the findings of the Court. The claims against the ADOC are **DISMISSED WITH PREJUDICE**. Melton's Motion for Summary Judgment (Doc. 23) is **GRANTED** and Thomas's excessive-force claim is **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** this February 17, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

## United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith                                                In Replying Give Number
Clerk of Court                                                of Case and Names of Parties

# NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that all prisoners pay the Court's $500 docket fee plus $5 filing fee (for a total of $505) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1) Pay the total $505 fee to the clerk of the district court from which this case arose; *or*

(2) arrange to have a prison official certify to the district court from which the appeal arose the average monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the average monthly deposits or of the average monthly balances shown in your prison account. The remainder of the total $505 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $505 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $505 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $505 fee is collected, even if an appeal is unsuccessful.

David J. Smith
Clerk of Court
PLRA Notice